IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-CR-56 |
| ) | |
| AMANDO VALDEZ-MORALES, ) | |
| MAYRA EDITH BLAIR, ) | |
| AURORA CARVAJAL, ) | |
| LUIS CARVAJAL, ) | (VARLAN / SHIRLEY) |
| BERTHA DEL PILAR VARGAS, and ) | |
| MARTIN AYALA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 4, 2015, for a motion hearing on all pending pretrial motions. Assistant United States Attorneys Frank M. Dale, Jr., and Jennifer Kolman appeared on behalf of the Government. Assistant Federal Defender Benjamin Gerald Sharp represented Defendant Valdez-Morales. Attorneys Charles G. Currier and William Tyler Weiss appeared on behalf of Defendant Blair. Attorney Robert R. Kurtz represented Defendant Aurora Carvajal. Attorney Jonathan Patrick Harwell represented Defendant Allen. Attorney Karmen L. Waters appeared on behalf of Defendant Luis Carvajal. Attorney Joshua D. Hedrick represented Defendant Vargas. Attorney Russell T. Greene appeared on behalf of Defendant Ayala. All Defendants, except for Defendants Vargas and

1

Ayala, were present and participated with the aid of an interpreter. Defendants Vargas and Ayala asked to be excused from the hearing.

The Court addressed Defendant Aurora Carvajal's Motion for Designation as Complex Case and Motion to Continue all Deadlines [Doc. 40]. The motion asks to continue the May 26 trial date and all deadlines in this case due to the number of defendants, the length of the alleged conspiracy, and the voluminous discovery, some of which is in Spanish and will have to be translated. The motion relates that the Government can scan the discovery into an electronic, searchable format, which Defendant contends would greatly aid defense counsel in the review of discovery but which will take ten weeks. The motion states that all Defendants, except for Defendant Blair, join in the request to continue the trial.

Defendant Blair has responded [Doc. 46] in opposition to the request to continue the trial and declare the case to be complex. She contends that she is entitled to be tried in ninety days. She states that, if the case is declared complex, she will have to wait in custody, to the detriment of her family and her business, while the Government scans discovery, which should have been ready to distribute in the electronic form before she was charged and arrested. Alternatively, Defendant Blair maintains that if the Court designates this case as complex and continues the trial, it should release her on the current trial date.

At the May 4 hearing, Mr. Kurtz stated that the Government has disclosed fifty-two (52) bankers boxes of discovery in this case. He estimated that the boxes contained approximately 100,000 documents. Additionally, the Defendants have yet to receive the data from some fifty digital devices that were seized in the execution of search warrants or bank records, which are still being compiled. Mr. Kurtz stated that having the paper documents available in a searchable, electronic format would aid counsel in reviewing discovery. He said

2

that the Government could send the boxes of documents to a federal facility in Columbia, South Carolina, where they would be scanned in the same order as they presently exist in the boxes. The scanning of these documents will take approximately ten weeks. Mr. Kurtz stated that he had discussed the need for a lengthy trial continuance with Defendant Aurora Carvajal and that she agreed essentially to waive her speedy trial rights and continue the trial to early 2016.

The Government does not oppose the requested continuance. AUSA Dale said that the Government has made all the discovery available for the defendants to inspect. He stated that the IRS is scanning the bank documents locally and that these are almost ready to disclose. He stated that the Government has offered, at no cost to the Defendants, to send the hard copy discovery to a facility in South Carolina to be scanned into an electronic, searchable format. He stated that the facility scans and bates numbers the documents, maintaining the chain of custody, as well as preserving the current order of the documents.

Attorney Sharp stated that Defendant Valdez-Morales does not object to the requested trial continuance. He said that he and the Defendant have discussed the Defendant's speedy trial rights and the potential continuance. He said that although his client is also in custody, Defendant Valdez-Morales is in a different position than Defendant Blair due to his legal status.

Attorney Greene said that Defendant Ayala also does not object to the motion to continue the trial and all deadlines. He said that they had discussed the Defendant's speedy trial rights and that the Defendant did not object to the motion or to the trial being continued to the first part of next year.

Attorney Hedrick stated that Defendant Vargas agrees with the motion to continue wholeheartedly. He said that he much preferred to receive discovery in a searchable, electronic

3

format. He stated that he had discussed the motion to continue with Defendant Vargas, who understands that she is waiving her speedy trial rights and that she will remain under her current conditions of release pending the new trial date.

Attorney Waters said that Defendant Luis Carvajal also agrees with the motion to continue the trial. She stated that he understands his speedy trial rights.

Attorney Currier stated that Defendant Blair remains opposed to a trial continuance while detained. He said that he had spent two and one-half to three days scanning two boxes of the discovery. He said that the Defendant's incarceration greatly hinders her ability to participate in the preparation of her defense. He stated that while at the jail, Defendant Blair has no access to electronics and cannot retain more than a two-inch stack of documents to review in the absence of counsel. Mr. Currier informed the Court that Defendant Blair did not waive her right to a speedy trial but, instead, wants her day in court and maintains her innocence. He stated that Defendant Blair wanted to proceed to trial on May 26 regardless of his ability to review the remaining discovery. Mr. Currier said under the present policies at the jail, the Defendant can only review documents when counsel is there. He asked the Court to order the marshals to accommodate Defendant Blair's reasonable efforts to prepare for trial. He stated that he planned to file a motion for Defendant Blair to be severed for a separate trial from that of her codefendants.

AUSA Dale responded that the Government had attempted to accommodate Mr. Currier's review of the discovery but that Mr. Currier could not review the discovery in the three weeks before the current trial date. He opined that the solution was to continue the trial so that counsel would have time to review the discovery. Mr. Dale stated that the Government had an interest in the Defendant receiving a fair trial and that it would be a waste of resources to have to

4

try the case twice. He said that he believed the access issues at Knox County Jail could be overcome. He believed the trial of this case would take one week against a single defendant and longer against all defendants.

Mr. Currier argued that the Government should provide a statement of what evidence it intends to use in its case-in-chief. He stated that he had requested, but had yet to receive, a copy of the sealed affidavit that accompanied the search warrants in this case.[1] Mr. Currier also requested additional time to file motions, given the difficulties he and the Defendant have had so far. He suggested an abbreviated schedule for addressing new motions but, ultimately, agreed that there was likely not enough time for the Court to hear additional motions before the May 26 trial date. He emphasized that Defendant Blair was a hard worker and that she wanted to go to trial.

The Court finds Defendant Aurora Carvajal's motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that seven Defendants[2] are charged [Doc. 3] in a twenty-seven-page Indictment with conspiring to submit false tax claims from 2012 to December 16, 2014 (Count One). They are also charged with conspiracy to commit mail (Count Two) and wire (Count Three) fraud and with money laundering (Count Four) during that same time frame. Defendant Valdez-Morales is charged (Count Five) with illegal reentry of a previously deported alien. Discovery in this case is voluminous, involving approximately 100,000 paper documents seized from several locations;

---

[1] AUSA Dale stated that he would file a motion for the Court to unseal a redacted version of the search warrant affidavit that week.

[2] One Defendant remains sealed at this time.

5

data from digital devices; and bank records, which have yet to be disclosed. To require counsel to proceed to trial without the opportunity to review all of the discovery would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The Court finds that the review of discovery cannot occur prior to the May 26 trial date. Accordingly, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, Defendant Carvahal has requested additional time to file pretrial motions. The codefendants are not opposed to this request, and even Defendant Blair would like to file additional motions. If any motions are filed, the Court will need time to hold a hearing on those motions and time, not to exceed thirty days, to rule on the motions or to prepare a report and recommendation on the issues raised. See 18 U.S.C. § 3161(h)(1)(H). Following the receipt of the Court's report and recommendation, the parties will need time to object and respond to objections. Thereafter, the District Judge will need time to rule on any dispositive motions in light of the report and any objections. See 18 U.S.C. § 3161(h)(1)(H). Once the parties receive a ruling on the pretrial motions, they will need time to prepare for trial in light of those rulings. The Court finds that all of this cannot be accomplished before the May 26 trial date. Thus, counsel, despite their use of due diligence, also need additional time to file and litigate pretrial motions in order to have the reasonable time necessary to prepare for trial. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees that this case is complex for purposes of the Speedy Trial Act. This case involves seven Defendants, and the Indictment alleges a complicated scheme to take money by fraud from the United States treasury over nearly two years. The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants and the

6

nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(B)(ii).  The Court finds that this case should be designated as "complex" for speedy trial purposes.

Additionally, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).  Under this provision, time excludable as to one defendant is excludable to all codefendants.  United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986).  Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable.  Henderson v. United States, 476 U.S. 321, 327 (1986).  In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded.  Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted).  In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from joinder.  See id.

7

In the present case, Defendant Blair stands indicted with five codefendants present in the case. Defendant Blair objects to the requested continuance as violating her right to a speedy trial. The Court takes this objection to be a contention that the eight-and-one-half-month continuance requested by Defendant Carvajal is unreasonable. Further, Defendant Blair alternatively asks that, if the continuance is granted, the Court either sever her from the trial of her codefendants and permit her to proceed to trial on May 26, 2015, or release her pending the new trial date.[3]

The Court finds that the delay caused by Defendant Carvahal and the other Defendants' need to review the discovery, litigate pretrial motions, and prepare for trial to be reasonable. The Court has already found that a continuance of the May 26 trial date was necessary to give counsel for the codefendants time to review the voluminous discovery. Counsel, including counsel for Defendant Blair, want to file additional pretrial motions. Finally, counsel will need time to interview witnesses and to prepare for trial in light rulings on pretrial motions. The Court has also found that this case is complex and that it requires time beyond that normally contemplated by the Speedy Trial Act to prepare. For these reasons, the Court finds that the eight-and-one-half-month delay in trial attributable to Defendant Aurora Carvajal is reasonable. Accordingly, this delay is also properly excludable for Defendant Blair. 18 U.S.C. § 3161(h)(6).

Finally, the Court declines to grant Defendant Blair's summary request to be severed or released in the event that the trial is continued. The Court has recently denied [Doc. 43] Defendant Blair's request to reconsider its Order of Detention. The question of her

---

[3] The Court observes that Defendant Blair has appealed [Doc. 45] the undersigned's Order of Detention. Accordingly, the matter of Defendant Blair's continued detention is now before the District Judge.

continued detention or release now rests with the District Judge. Moreover, the Defendant has yet to demonstrate how she is prejudiced by a joint trial. See Fed. R. Crim. P. 14. As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992). Although the Court declines to sever Defendant Blair for trial based upon her oral request at the heairng, the Court will permit Defendant Blair to file a motion to be severed from the trial of her codefendants by the new motion deadline should she choose to do so.

The Defendant Carvajal's motion to continue the trial [**Doc. 40**] is **GRANTED**, and the trial is reset to **February 8, 2016**. Defendant Carvajal's request that the Court declare the case complex for speedy trial purposes is also **GRANTED**. The Court finds that all the time between the filing of Defendant Carvajal's motion on April 6, 2015, and the new trial date of February 8, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), -(6), & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is extended to **October 1, 2015**. Responses to motions are due on or before **October 15, 2015**. The parties are to appear before the undersigned for a motion hearing on **October 22, 2015, at 9:30 a.m.** The deadline for concluding plea negotiations is **January 7, 2016**. This day is also the deadline for the Defendants to provide reciprocal discovery. The Court has set a final pretrial conference for **January 11, 2016, at 9:30 a.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **January 22, 2016**. Special requests for jury instructions shall be submitted to the District Court no later than **January 29, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

9

(1) Defendant Aurora Carvajal's Motion for Designation as Complex Case and Motion to Continue all Deadlines [**Doc. 40**] is **GRANTED**. Defendant Mayra Blair's Motion in Opposition for Designation of Case as Complex and Motion in Opposition to Continuing all Deadlines and Dates [**Doc. 46**] is **DENIED**;

(2) The Court finds this case to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **February 8, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the filing of the Defendant's motion on **April 6, 2015**, and the new trial date of **February 8, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) Pretrial motions are due on or before **October 1, 2015**;

(6) Responses to motions are due on or before **October 15, 2015**;

(7) The parties are to appear before the undersigned for a motion hearing on all pretrial motions on **October 22, 2015, at 9:30 a.m.**;

(8) The deadline for concluding plea negotiations is **January 7, 2016**. This date is also the deadline for the provision of reciprocal discovery;

(9) Motions *in limine* must be filed no later than **January 22, 2016**; and

(10) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **January 29, 2016**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge