IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-56 |
| | ) | |
| AMANDO VALDEZ-MORALES, | ) | |
| MAYRA EDITH BLAIR, | ) | |
| AURORA CARVAJAL, | ) | |
| LUIS CARVAJAL, | ) | (VARLAN / SHIRLEY) |
| BERTHA DEL PILAR VARGAS, | ) | |
| MARTIN AYALA, | ) | |
| NERY IRRAEL GRANDE JIMENEZ, | ) | |
| FRANCISCO JAVIER CASTRO-REYES, | ) | |
| AUDREY COLON, and | ) | |
| LUCERO BELTRAN-CHIMAL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on October 22, 2015, for arraignment on the Third Superseding Indictment and a motion hearing on the pending motions [Docs. 87, 89, 100, and 107] to continue the trial and all deadlines. Assistant United States Attorney Frank M. Dale, Jr., appeared on behalf of the Government. Assistant Federal Defender Benjamin Gerald Sharp represented Defendant Valdez-Morales. Attorneys Charles G. Currier and William Tyler Weiss appeared on behalf of Defendant Blair. Attorney Robert R. Kurtz represented Defendant Aurora Carvajal. Attorney Karmen L. Waters appeared on behalf of Defendant Luis Carvajal. Attorney Joshua D. Hedrick represented Defendant Vargas. Attorney

1

Russell T. Greene appeared on behalf of Defendant Ayala. Attorney Kimberly A. Parton represented Defendant Jimenez. Attorney Andrew S. Roskind appeared on behalf of Defendant Castro-Reyes. Attorney Michael B. Coleman represented Defendant Colon, and Attorney Gerald L. Gulley, Jr., appeared on behalf of Defendant Beltran-Chimal. All Defendants, except for Defendant Colon,[1] were present and participated with the aid of an interpreter.

Following the arraignment on the Third Superseding Indictment, the Court took up the motions to continue the trial and all deadlines filed by Defendants Valdez-Morales [Doc. 87], Blair [Doc. 89], Beltran-Chimal [Doc. 100], and Colon [Doc. 107]. All four request additional time for counsel to review the voluminous discovery and to prepare and litigate pretrial motions. Defendants Beltran-Chimal and Colon note that they entered the case in early October. At the motion hearing, Attorney Sharp argued, on behalf of the four Defendants, that due to the voluminous discovery and the language barrier between the attorneys and clients, he needed additional time to review discovery, to review the discovery with the Defendant, and to prepare pretrial motions. He also observed that his client was detained in Kentucky, which created additional communication problems. He requested a new motion deadline in mid to late December. Attorney Roskind asked that the motion deadline be extended ninety days due to the number of commitments already on his calendar between now and the end of the year and to accommodate the holiday period. All defense counsel agreed with the need for a ninety-day extension of the motion deadline.

The Government has responded [Doc. 116] that it does not object to the motions to continue. At the hearing, AUSA Dale stated that the Government had disclosed one terabyte

---

[1] Defendant Audrey Colon was arraigned on the Third Superseding Indictment on October 8, 2015, and the Court granted her request to be excused from the October 22 hearing.

2

of discovery to the Defendants. This electronic discovery covered the contents of 52 bankers boxes of documents. Additionally, he stated that the Government would be providing some supplemental discovery, specific to certain defendants, by the middle of the next week. He stated that he did not anticipate any additional discovery after this supplemental discovery and that the supplemental discovery would not affect the presently pending motions for bills of particulars or pinpoint discovery.

The Court finds that the Defendants' motions to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that eleven Defendants[2] are charged [Doc. 85] in a twenty-nine-page Indictment with conspiring to submit false tax claims from 2012 to August 8, 2015 (Count One). They are also charged with conspiracy to commit mail fraud (Count Two) and wire fraud (Count Three) and with money laundering (Count Four) during that same time frame. Defendant Valdez-Morales is charged (Count Five) with illegal reentry of a previously deported alien. Discovery in this case is voluminous, consisting of one terabyte of electronic data, which will be supplemented with additional discovery in the next week. The Court finds that counsel, particularly counsel for Defendants Colon and Beltran-Chimal who have just entered the case, need additional time to review discovery in order to have the reasonable time necessary to prepare for trial, despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, the Defendants have requested an additional ninety days to file pretrial motions, in addition to the three pretrial motions presently pending. The Court set a motion deadline of October 30 to file or join in motions relating to discovery or bills of particulars. The

---

[2] One Defendant remains sealed at this time.

3

Court set a deadline of January 22, 2016, for all other pretrial motions. If any motions are filed, the Court will need time to hold hearings on those motions and time, not to exceed thirty days, to rule on the motions or to prepare a report and recommendation on the issues raised. See 18 U.S.C. § 3161(h)(1)(H). Following the receipt of the Court's report and recommendation, the parties will need time to object and respond to objections. Thereafter, the District Judge will need time to rule on any dispositive motions in light of the report and any objections. See 18 U.S.C. § 3161(h)(1)(H). Once the parties receive a ruling on the pretrial motions, they will need time to prepare for trial in light of those rulings. The Court finds that all of this cannot be accomplished before the February 8 trial date or in less than eight months. Thus, counsel also need additional time to file and litigate pretrial motions in order to have the reasonable time necessary to prepare for trial. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Finally, the Court observes that it has already declared [Doc. 56] this case to be complex for purposes of the Speedy Trial Act. This case involves eleven Defendants, and the Indictment alleges a complicated scheme to take money by defrauding the United States treasury over more than two and one-half years. The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

The Defendants' motions to continue the trial [**Docs. 87, 88, 100, and 107**] are **GRANTED**, and the trial is reset to **July 19, 2016**. The Court finds, and the parties agree, that all the time between the filing of the motions on October 1, 2015, and the new trial date of July 19, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

4

See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the Government is to respond to Defendant Blair's Motion for Relief Pursuant to 18 U.S.C. § 1382(c)(B)(xiii) to Modify this Court's Detention Order [Doc. 112], by **October 30, 2015**. A hearing on this motion before the undersigned is scheduled for **November 5, 2015, at 2:30 p.m.** The United States Marshals Service is **DIRECTED** to transport Defendant Blair to the courthouse for this hearing.

The deadline for filing or joining in pretrial motions relating to discovery or a bill of particulars is extended to **October 30, 2015**. Responses to pending motions [Docs. 101, 111, and 113][3] and any discovery-related motions filed by October 30 are due on or before **November 13, 2015**. The parties are to appear before the undersigned for a motion hearing on all discovery-type motions on **November 19, 2015, at 1:30 p.m.** If a Defendant who is in custody desires to attend this hearing, his or her counsel should file a motion requesting the Defendant's presence by **November 12, 2016**.

The deadline for filing non-discovery-related motions is extended to **January 22, 2016.** Responses to these motions are due on **February 12, 2016**. The parties are to appear before the undersigned for a hearing on these motions on **February 22, 2016, at 9:30 a.m.** If a Defendant who is in custody desires to attend this hearing, his or her counsel should file a motion requesting the Defendant's presence by **February 12, 2016**.

---

[3] Defendant Blair also has a prior motion for bill of particulars [Doc. 44] pending, to which the Government has already responded [Doc. 47]. Attorney Weiss stated that he would be filing a supplemental memorandum indicating whether the Third Superseding Indictment caused any change in Defendant Blair's pending motions [Docs. 44 and 111]. This supplemental memorandum is also due on **October 30, 2015**, so that the Government may have sufficient time to respond.

5

The deadline for concluding plea negotiations is **June 10, 2016**. This day is also the deadline for the Defendants to provide reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **July 5, 2016**. Special requests for jury instructions shall be submitted to the District Judge no later than **July 8, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The motions [**Docs. 87, 89, 100, & 107**] to continue the trial and all deadlines are **GRANTED**;

(2) The trial of this matter is reset to commence on **July 19, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of the motions on **October 1, 2015**, and the new trial date of **July 19, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Government's response to Defendant Blair's motion for release [**Doc. 112**] is due on **October 30, 2015**. A hearing on this motion is set for **November 5, 2015, at 2:30 p.m.** The Marshals are **DIRECTED** to transport Defendant Blair to this hearing;

(5) All motions relating to discovery and bills of particulars, including motions to join in or supplemental memoranda relating to the currently pending motions, are due on or before **October 30, 2015**. Responses to these motions are due on **November 13, 2015**. The parties involved in these motions are to appear before the undersigned for a motion hearing on **November 19, 2015, at 1:30 p.m.** Counsel for Defendants in custody who want to attend this hearing must file a motion by **November 12, 2015,** asking that their client be present;

(6) All other pretrial motions are due on or before **January 22, 2016**. Responses to these motions are due on **February 12, 2016**. The undersigned will hold a hearing on these motions on **February 22, 2016, at 9:30 p.m.** Counsel for Defendants in custody who want to attend this hearing must file a motion by **February 15, 2016,** asking that their client be present;

(7) The deadline for concluding plea negotiations is **June 10, 2016**. This date is also the deadline for the provision of reciprocal discovery;

(8) Motions *in limine* must be filed no later than **July 5, 2016**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **July 8, 2016**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge