UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CR-56-TAV-CCS |
| | ) | |
| AURORA CARVAJAL and | ) | |
| LUIS CARVAJAL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on third-party petitioners' application for interest in property [Doc. 202], and the government's motion to dismiss third-party petitioners' application [Doc. 299]. Third-party petitioners did not respond to the government's motion, and their time in which to do so has passed. E.D. Tenn. L.R. 7.1.

On September 1, 2015, defendants Aurora Carvajal and Luis Carvajal were charged with conspiracy to commit money laundering, among other charges, in violation of 18 U.S.C. § 1956(h) [Doc. 84]. Subsequently, the Court entered an agreed order of forfeiture for Aurora Carvajal [Doc. 181] and Luis Carvajal [Doc. 190], forfeiting their interest in certain real property located at 3360 Davis Ferry Road, Loudon, Tennessee, 37774. As required by 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure, the government sent notice to all parties known to have a possible interest in this property, and also published notice of the forfeiture, including publication

on the internet on a government operated website for at least thirty (30) consecutive days [Doc. 300 pp. 2–3].

On July 19, 2016, Joseph H. Lee and Maria Lee (hereinafter "petitioners") filed an application for interest in the real property [Doc. 202]. The government moved to dismiss the application, arguing that petitioners' application should be dismissed because petitioners failed to meet the requirements of 21 U.S.C. §§ 853(n)(3) and (n)(6) [Doc. 299]. Because the Court finds that petitioners failed to meet the requirements of 21 U.S.C. § 853(n)(3), it need not determine whether 21 U.S.C. § 853(n)(6) is satisfied.

In order to submit a valid third-party claim, a petitioner must comply with 21 U.S.C. § 853(n)(3), which mandates that a petitioner "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts . . . and the relief sought." 21 U.S.C. § 853(n)(3). "Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011).

In this case, petitioners' application states only that the petitioners would like to submit an application for interest in the relevant property, and provides no detail as to any purported interest in the property [Doc. 202]. Thus, petitioners do not set forth the "nature and extent of the . . . right, title, or interest in the property," or "the time and circumstances of [their] acquisition of the right, title, or interest in the property." 21

U.S.C. § 853(n)(3). As such, petitioners' application fails to meet the requirements of § 853(n)(3). Therefore, the Court will dismiss the application for failing to comply with the requirements of § 853(n)(3). *See United States v. Kokko*, No. 06-20065-CR, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) ("Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing.").

In sum, the government's Motion to Dismiss Third-Party Petitioners' claim [Doc. 299] is **GRANTED**, and petitioners' Application for Interest in Property [Doc. 202] is **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE